811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leland F. WELCH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-1913.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1986.
 
 Before ENGEL, KRUPANSKY and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Leland F. Welch appeals from the district court's summary judgment against him on review of the Secretary's denial of Welch's claim for disability insurance benefits.
 
 
 2
 Plaintiff Welch was born in 1934 and has a sixth grade education. He worked as a forklift operator and automatic press operator until he suffered a heart attack and underwent surgery in 1981. He claims that coronary artery disease gives him so much pain that he cannot work. While the magistrate had recommended a reversal and award of benefits, the district court upheld the Secretary's decision.
 
 
 3
 The administrative law judge found that plaintiff cannot do his past work and has no transferable skills. The ALJ stated that he believed that plaintiff has pain, but that plaintiff's complaints of pain were out of proportion to the medical evidence. Specifically, the ALJ noted that the surgery was successful, that stress tests indicated a functional capacity ranging from poor to average, that electrocardiograms gave results of abnormality but with mild improvement, and that plaintiff gets some relief from some medicines but has severe headaches from nitroglycerin. The ALJ concluded that plaintiff is not disabled and can do a wide range of unskilled, sedentary work. He based this conclusion on the grid in 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 1, Rule 201.19.
 
 
 4
 The magistrate stated that the ALJ did not find plaintiff's complaints of pain to be exaggerated. Further, he stated that plaintiff's complaints had some support in the evidence. Finally, the magistrate stated that the grid, which applies to people capable of a wide range of sedentary activity, does not fully apply to plaintiff, because he can only do unskilled sedentary activity.
 
 
 5
 The district judge held that there is no objective evidence of pain and that the grid that the ALJ used was fully applicable, because it expressly refers to people with no transferable skills.
 
 
 6
 We agree with the district court's conclusion and hold that the Secretary's decision that plaintiff is not disabled is supported by substantial evidence.
 
 
 7
 AFFIRMED.